RAFAEL RODRÍGUEZ PACHECO, demandante y apelado, *v.* MANUEL MIGUEL MUDAFORT, demandado y apelante.

Núm. 7537.—*Sometido:* Enero 24, 1938. *Resuelto:* Febrero 11, 1938.

*V. Géigel Polanco,* abogado del apelante; *Monserrat & Monserrat,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El día 6 de diciembre de 1937 esta corte concedió al apelante una prórroga hasta el 2 de enero de 1938 para que radicara su alegato en el caso de autos, apercibiéndole entonces que sólo se accedería a nueva solicitud si concurrían circunstancias realmente meritorias.

Dos días antes de vencer dicha prórroga, o sea el 31 de diciembre de 1937, el apelante radicó una moción en la que alega:

(1) Que dentro del término que le fué concedido, el apelante ha estado preparando su alegato y lo ha terminado, excepto en cuanto a un señalamiento de error, que estima esencial a los fines de su apelación, referente a la cabida de las fincas en litigio según resulta de los títulos y del registro de la propiedad.

(2) Que para poder fundamentar el alegado error, sería menester traer a la consideración de este tribunal ciertos documentos que fueron admitidos en evidencia por la corte inferior.

(3) Que por inadvertencia excusable no se elevó en tiempo oportuno la transcripción de evidencia.

Suplica el apelante que se le permita elevar la transcripción de la evidencia, o, al menos, los documentos descritos en su moción; y que para radicar su alegato se le conceda una última prórroga de veinte días.

Por resolución de 11 de enero de 1938 se ordenó al apelante que notificara esa moción a la parte apelada, y se señaló el 24 de enero para oír a las partes. El apelante no compareció; sometió por escrito y sin alegato su solicitud. El apelado asistió a la vista y ha radicado un escrito oponiéndose a lo solicitado por la otra parte.

Es necesario examinar, siquiera sea sucintamente, los antecedentes del caso que constan en autos, antes de resolver las pretensiones del apelante. Veamos cuáles son.

El 26 de febrero de 1937 la Corte de Distrito de San Juan dictó sentencia a favor del demandante en este caso, y el día 15 del mes siguiente el demandado solicitó que fuera reconsiderada. El 3 de abril siguiente, pendiente aún la moción de reconsideración, el demandado apeló de la sentencia para ante este Tribunal Supremo. El 29 de abril la corte inferior declaró sin lugar la moción de reconsideración, de cuya resolución, y de la sentencia de 26 de febrero apeló el demandado con fecha 10 de mayo de 1937. Transcurrieron diez días y el apelante ni radicó, ni solicitó prórroga para radicar el pliego de excepciones y exposición del caso de que habla el artículo 299 del Código de Enjuiciamiento Civil. Tampoco pidió que se ordenara al taquígrafo transcribir sus notas taquigráficas, de acuerdo con la ley proveyendo para la sustitución, a opción de parte, del pliego de excepciones y exposición del caso, por una transcripción de la evidencia, aprobada en 1917 (Leyes de 1917 (2) pág. 275). En vista de ello, el apelado solicitó que por esas razones se desestimara la apelación. El 18 de junio de 1937 radicó el apelante en este tribunal una moción solicitando término para preparar y radicar en la corte inferior una transcripción de la evidencia. Por resolución de esta Corte Suprema de fecha 6 de julio de 1937, se le negó al apelante el permiso solicitado, sin perjuicio, no obstante, de proseguir su apelación, sometiendo a nuestra consideración aquellos errores que apareciesen del legajo de la sentencia. También declaramos sin lugar la moción de desestimación presentada por el apelado.

La primera de las dos peticiones que ahora formula el apelante es una reproducción de lo que intentó el 18 de junio de 1937 y que le fué denegado el 6 de julio. Debe el apelante atenerse a lo resuelto entonces.

También debe declararse sin lugar la otra petición contenida en la súplica de la moción. Al concederle al apelante

una última prórroga para alegato, se le apercibió de que sólo accederíamos a nueva solicitud si mediaban circunstancias realmente. meritorias. El apelante no aduce una sola razón que nos induzca a ejercitar nuestra discreción. Tan sólo se refiere a la prórroga, cuando la solicita en la súplica. No se acompaña un *affidavit* de méritos y ni siquiera viene jurada la moción.

*La moción del apelante debe declararse sin lugar en todas sus partes.*

El Juez Asociado Señor Córdova Dávila no intervino.